**United States District Court**
For the Northern District of California

**\*E-FILED ON 6/29/05\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BORIS KANTEMIROV, | No. C05-01362 HRL |
| Plaintiff, | **ORDER GRANTING PLAINTIFF KANTEMIROV'S MOTION TO DISMISS DEFENDANT GOLDINE'S COUNTERCLAIMS WITH LEAVE TO AMEND** |
| v. | |
| BARRY GOLDINE, d/b/a/ BIGWHEELS.NET, and DOES 1-25, | |
| Defendants. | **[Re: Docket No. 10]** |
| BARRY GOLDINE, | |
| Plaintiff, | |
| v. | |
| BORIS KANTEMIROV, SKIP LIGHTFOOT and DOES 1-50, | |
| Defendants. | |

Plaintiff Boris Kantemirov moves to dismiss the counterclaim for copyright infringement filed by defendant Barry Goldine. Counterdefendant Skip Lightfoot joined in the motion. Defendant Barry Goldine, d/b/a Bigwheels.Net, opposed the motion. Kantemirov did not file a reply. Having

considered the papers filed by the parties, as well as the arguments presented at the June 28, 2005 hearing, the court grants the motion with leave to amend.[1]

## I. BACKGROUND

Defendant/counterclaimant Barry Goldine says that he is in the business of selling wheels, tires and related accessories, and that he owns and operates a website with the domain name "www.bigwheels.net" (Bigwheels) as part of his off-line business Adds Wheel Warehouse. Kantemirov claims that in February 2002, he and Goldine formed an implied partnership to increase internet traffic for Goldine's business. Under this agreement, Kantemirov alleges that he was to, and did, create a functional and operative website to sell Goldine's wheels. He further alleges that the profits were to be split evenly with Goldine after cost of goods, taxes and shipping were deducted, but that no labor or any other expenses were to be deducted. Kantemirov claims that Goldine breached this agreement by (1) repeatedly and unilaterally renegotiating profit divisions; and (2) deducting labor, supplies and other expenses before calculating the profits to be split, resulting in lower payments to Kantemirov despite the alleged increasing volume of sales generated by the website. Additionally, Kantemirov alleges that Goldine surreptitiously copied all of the data from the Bigwheels website, and then shut down the website and terminated plaintiff's employment. Goldine allegedly later re-opened the Bigwheels website using the same layout and design created by Kantemirov, with the exception of a few color changes.

Goldine denies that he ever had a business partnership with Kantemirov. Rather, he claims that (1) he engaged Kantemirov as a website developer to enhance the Bigwheels website to attract more internet traffic, and (2) the parties agreed that any and all intellectual property developed by Kantemirov for Bigwheels was work-for-hire belonging solely to Goldine. Goldine further alleges that he paid all expenses submitted by Kantemirov, but that Kantemirov threatened to shut down all of the servers for the Bigwheels website in an effort to extort more money from him. Goldine also claims while working for Bigwheels, Kantemirov began to work on competing business with counterdefendant Skip Lightfoot and, in the process, misappropriated Goldine's database containing

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

1  "tens of thousands [of] specifications for fitting different kinds of vehicles with oversized wheels and
2  tires as accumulated and compiled by Goldine during his more than 20 years of industry experience."
3  (Counterclaim, ¶ 78).

4  On March 2, 2005, Kantemirov filed the instant action in Santa Clara County Superior Court
5  alleging claims for (1) breach of implied contract, (2) breach of the implied covenant of good faith and
6  fair dealing, (3) breach of implied contract for failure to perform, (4) fraud (intentional
7  misrepresentation), (5) conversion, (6) unjust enrichment and (7) misappropriation of ideas.

8  On April 5, 2005, Goldine removed the matter to this court asserting federal question
9  jurisdiction under the Copyright Act, 17 U.S.C. § 101, *et seq*. On April 6, 2005, he filed a
10 counterclaim against Kantemirov for breach of contract. He also filed counterclaims against
11 Kantemirov and Lightfoot for (1) copyright infringement, (2) unfair competition under Cal. Bus. &
12 Prof. Code § 17200, *et seq*., (3) misappropriation of trade secrets, (4) common law
13 misappropriation, (5) common law unfair competition and (6) civil conspiracy.

14 Pursuant to Fed.R.Civ.P. 12(b)(1), Kantemirov now moves for dismissal of Goldine's
15 counterclaims and for an order remanding this action to state court. He argues that this court lacks
16 subject matter jurisdiction over Goldine's counterclaim for copyright infringement – and therefore also
17 lacks jurisdiction over his asserted state law counterclaims – because Goldine has failed to allege
18 registration of the claimed copyright. Goldine contends that this court has jurisdiction because (1)
19 federal question jurisdiction exists based upon preemption of Kantemirov's claims under the Copyright
20 Act; and (2) he has complied with the registration requirements of the Copyright Act.

## II.  LEGAL STANDARD

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction
of the subject matter, the court shall dismiss the action." FED. R. CIV. P. 12(h)(3). A lack of
jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. *See Kokkonen
v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause
lies outside [a federal court's] limited jurisdiction . . . and the burden of establishing the contrary rests
upon the party asserting jurisdiction"); *see also Stock West, Inc. v. Confederated Tribes*, 873 F.2d

1221, 1225 (9th Cir. 1989) ("A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears").

"A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). Where a party raises a facial challenge to jurisdiction, the court considers only the complaint and attached documents, assumes the truth of the allegations in the pleadings, and draws all reasonable inferences in the non-moving party's favor. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Where a party raises a factual attack on jurisdiction, the court may consider evidence outside the pleadings, and no presumption of truthfulness attaches to the allegations in the complaint. *Id; St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

In this case, Kantemirov's motion appeared to raise a facial attack on jurisdiction based on the failure to allege copyright registration. In his opposition, Goldine submitted extrinsic evidence as to his purported compliance with registration requirements under the Copyright Act. Because the papers submitted by the parties raise factual issues which implicate this court's ability to adjudicate this action, and given the court's independent obligation to ensure that it properly may exercise jurisdiction over a given matter, the instant dispute will be treated as a factual attack on jurisdiction. Accordingly, the court will consider evidence outside the pleadings, and no presumption of truthfulness will be given to the allegations in Goldine's counterclaims.

### III. DISCUSSION

**A. Whether Removal was Proper**

Preliminarily, the court notes that Kantemirov's motion to dismiss focuses solely on this court's jurisdiction over Goldine's counterclaim and requests remand without addressing whether this matter properly was removed in the first instance. Because the instant motion implicates this court's subject matter jurisdiction over this action, the court will first address whether removal was proper before turning to the merits of Kantemirov's motion.

As a general rule, an action is removable to a federal court only if it might have been brought there originally. 28 U.S.C. § 1441(a). Federal district courts "have original jurisdiction of all civil

4

1   actions arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331) and
2   exclusive jurisdiction over any action brought under federal copyright law (28 U.S.C. § 1338(a)). A
3   case shall be remanded if at any time before final judgment, it appears that the district court lacks
4   subject matter jurisdiction. 28 U.S.C. § 1447(c).

5   For purposes of removal, absent diversity jurisdiction, "federal jurisdiction exists only when a
6   federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar,*
7   *Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this "well-pleaded complaint" rule, "a case may
8   *not* be removed to federal court on the basis of a federal defense, including the defense of pre-
9   emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede
10  that the federal defense is the only question truly at issue." *Id.* at 393. In this case, curiously, Goldine
11  removed the matter to this court on the basis of his copyright counterclaim – which had yet to be filed
12  – asserting that Kantemirov "violates Defendant Barry Goldine's exclusive rights under § 106 of the
13  Copyright Act of 1976, 17 U.S.C. § 106, and constitute infringement of Barry Goldine's copyrights."
14  (Notice of Removal, ¶ 3). Nonetheless, Goldine now argues that removal was proper on the theory
15  that several of Kantemirov's state law claims are completely preempted by the Copyright Act.

16  "There does exist . . . an 'independent corollary' to the well-pleaded complaint rule . . . known
17  as the 'complete pre-emption' doctrine." *Caterpillar, Inc.*, 482 U.S. at 393. Under that doctrine,
18  "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law
19  complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (citing
20  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). "Once an area of state law has
21  been completely pre-empted, any claim purportedly based on that pre-empted state law is considered,
22  from its inception, a federal claim, and therefore arises under federal law." *Id.* (citing *Franchise Tax*
23  *Board of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S.
24  1, 24 (1983)).

25  Courts have held that state law claims that are equivalent to federal copyright claims are
26  completely preempted by the Copyright Act. *See Firoozye v. Earthlink Network*, 153 F. Supp.2d
27  1115, 1121-23 (N.D. Cal. 2001); *see also Rosciszewski v. Arete Associates, Inc.*, 1 F.3d 225,
28  232-33 (4th Cir. 1993). Thus:

5

> if any of the plaintiff's claims are preempted under the Copyright Act, those preempted claims must be viewed as involving federal questions for the purpose of the well-pleaded complaint rule. This Court would then possess subject matter jurisdiction over the entire complaint, thereby requiring the Court to deny the plaintiff's motion for remand. On the other hand, if none of the plaintiff's claims is preempted, the face of the plaintiff's well-pleaded complaint would not arise under federal law and this Court would not have jurisdiction, compelling remand to state court.

*Firoozye*, 153 F. Supp.2d at 1123. Accordingly, this court now must consider whether any of Kantemirov's claims are preempted by the Copyright Act.

**B. Whether Plaintiff's Claims are Preempted**

Goldine argues that Kantemirov's claims for conversion, unjust enrichment and misappropriation of ideas are completely preempted by the Copyright Act. A plaintiff's state-law claim is preempted by the Copyright Act if (1) the work involved falls within the general subject matter of the Copyright Act as specified by sections 102 and 103; and (2) the rights that the plaintiff asserts under state law are equivalent to those protected by the Act in section 106. 17 U.S.C. § 301(a); *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir. 2001).

As for the first requirement, it is irrelevant whether the work in question is protected by copyright or even qualifies for protection because "the subject matter of copyright is broader than copyright protection . . .." *Firoozye*, 153 F. Supp.2d at 1125. Rather, "the issue for the purpose of a preemption analysis is whether the work involved is a kind of work that comes within the subject matter of the Copyright Act." *Id.*; *see also Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 455 (6th Cir. 2001) ("We join our sister circuits in holding that the scope of the Copyright Act's subject mater is broader than the scope of the Act's protections").

In this case, Kantemirov alleges that he "authored" the Bigwheels website and claims ownership of the website "layout" and "design." (*See, e.g.*, Complaint, ¶¶ 48-49). Neither party has cited, and the court has not found, authority holding that website design and layout fall within the subject matter of the Copyright Act. Nonetheless, by its terms, the Copyright Act protects "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 102(a). The listed category of works protected under the Act

6

include "literary works" and "pictorial, graphic, and sculptural works." *Id.*, § 102(a)(1) and (5). The listed categories of copyrightable works are not rigid limitations on the works within the subject matter of the Act. Instead, the categories comprise an "illustrative" list which "sets out the general area of copyrightable subject matter, but with sufficient flexibility to free the courts from rigid or outmoded concepts of the scope of particular categories." NOTES OF COMMITTEE ON THE JUDICIARY, H.R. REP. NO. 94-1476 at 53 (1976). Given the flexible definition of works falling with the scope of the Copyright Act, the court concludes that the website design and layout in question falls within the general subject matter of the Copyright Act.

In order to establish preemption, however, Goldine must also show that the rights asserted by Kantemirov under state law are equivalent to those protected under section 106 of the Copyright Act – i.e., rights of reproduction, performance, distribution or display. To determine whether a plaintiff asserts equivalent rights:

> a court must analyze the elements of the state-law cause of action to see if the right defined by state law may be abridged by an act which in and of itself would infringe one of the exclusive rights in the Act. Conversely, if there is an 'extra element' that is required in place of or in addition to the acts of reproduction, performance, distribution, or display in order to constitute a state-law cause of action, and the 'extra element' required by state law changes the nature of the action so that it is qualitatively different from a copyright infringement claim, the state-law claim is not preempted.

*Firoozye*, 153 F. Supp.2d at 1125; *see also Summit Machine Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1439-40 (9th Cir. 1993) (stating that preemption analysis involves a determination of whether the state law claim contains an element not shared by the federal law which changes the nature of the action so that it is qualitatively different from a copyright infringement claim).

In this case, the court concludes that Kantemirov's claims for conversion, misappropriation of ideas and unjust enrichment are preempted. "Conversion is the wrongful exercise of dominion over the property of another." *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066, 80 Cal. Rptr.2d 704, 706 (1998). "The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Id*. California's common law tort of misappropriation requires the plaintiff to show that (1) he has invested substantial time and money in development of his property; (2) the

7

defendant has appropriated the property at little or no cost; and (3) he has been injured by the defendant's conduct. *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 467 (9th Cir. 1990) (quoting *Balboa Ins. Co. v. Trans Global Equities*, 218 Cal. App.3d 1327, 1342, 267 Cal. Rptr. 787, 795 (1990). Unjust enrichment is an equitable remedy at common law which involves (1) receipt of a benefit and (2) unjustified retention of that benefit at another's expense. *See First Nationwide Savings v. Perry*, 11 Cal. App.4th 1657, 1662, 15 Cal. Rptr.2d 173, 176 (1992).

The essence of Kantemirov's claims for conversion, unjust enrichment and misappropriation of ideas[2] is that he created the Bigwheels website design and layout, and that Goldine has unfairly benefitted from the alleged unauthorized use of the same. (*See* Complaint, ¶¶ 47-61). As such, this court concludes that these claims do not contain extra elements or assert rights that are qualitatively different from those protected by the Copyright Act. *See, e.g., Firoozye*, 153 F. Supp.2d at 1128 (concluding that plaintiff's unjust enrichment claim was preempted because "at its core [the claim] alleges that the defendants unfairly benefitted from their unauthorized use of [plaintiff's software program]"); *Zito v. Steeplechase Films, Inc.*, 267 F. Supp.2d 1022, 1027 (N.D. Cal. 2003) (concluding that plaintiff's state law claims for conversion and unjust enrichment were preempted because they were "based on the same facts as his infringement claim").

Thus, Kantemirov's claims for conversion, unjust enrichment and misappropriation of ideas are preempted, this matter properly was removed, and this court has acquired removal jurisdiction over the action. Kantemirov has not presented any argument disputing preemption. At the hearing, his counsel said only that Kantemirov initially chose not to pursue a copyright claim because he had not registered for a copyright at the time the complaint was filed. He nevertheless expressed a desire to now amend his pleading to convert his state law claims to a federal claim for copyright infringement. To the extent plaintiff wishes to amend his complaint, and indicated that he properly can state a claim for relief, he is given leave to do so.

---

[2] Ideas are excluded from copyright protection. 17 U.S.C. § 102(b). Although Kantemirov has titled his misappropriation claim as one for "misappropriation of ideas," the allegations in his complaint indicate that he is claiming ownership of the expression of those ideas as presented in the Bigwheels website design and layout.

8

**C. Whether Goldine's Copyright Counterclaim Should be Dismissed**

Goldine asserts a counterclaim for copyright infringement, alleging that Kantemirov and Lightfoot have misappropriated his database containing proprietary specification information. (Counterclaims, ¶¶ 105-109). Kantemirov argues that Goldine's copyright counterclaim must be dismissed because there is no allegation that Goldine has secured a copyright registration. Further, he contends that if the copyright counterclaim is dismissed, then this court lacks subject matter jurisdiction over the asserted state law counterclaims.

Copyright registration (or a denial of the same) is a jurisdictional prerequisite to bringing an action for infringement under the Copyright Act. 17 U.S.C. § 411(a) ("no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title"); *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1211 (9th Cir. 1998).

In this case, Goldine's counterclaim does not allege registration or compliance with section 411(a), and there was some doubt as to whether he did, in fact, satisfy the registration requirements before filing his counterclaim. Accordingly, the court concludes that the copyright counterclaim must be dismissed. Nevertheless, at the hearing, Goldine's counsel represented that on June 27, 2005 – i.e., the day before the hearing on the instant motion – the Copyright Office issued a certificate of registration as to the matter alleged in Goldine's counterclaims. The failure to allege registration is a deficiency which may be cured. *See Zito v. Steeplechase Films, Inc.*, 267 F. Supp.2d 1024, 1025 ("as a matter of efficiency, a failure to allege registration can be cured if the [claimant] registers the copyright and files an amended complaint including an allegation that the copyrighted work is registered").[3] Accordingly, Kantemirov's motion to dismiss Goldine's copyright counterclaim is granted, but Goldine will be given leave to amend.

---

[3] For the first time at the hearing, Kantemirov made an oral request for an award of attorneys' fees incurred in filing the instant motion. His counsel stated that she might not have filed the instant motion if Goldine had alleged, in the first instance, that he had applied for copyright registration. As noted at the hearing, even assuming that Kantemirov could make a proper request for fees, the court concludes that such an award is not warranted under the circumstances.

**IV.  ORDER**

Based on the foregoing, IT IS ORDERED THAT:

1. Kantemirov is given leave to amend his complaint to state a federal claim for copyright infringement in place of his preempted state law claims. The amended pleading shall be filed no later than **July 8, 2005**.

2. Kantemirov's motion to dismiss Goldine's counterclaims is GRANTED WITH LEAVE TO AMEND. Goldine shall file an amended pleading no later than **July 15, 2005**.

3. Kantemirov's motion for remand is DENIED.

Dated:  June 29, 2005

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

10

1 | 5:05-cv-1362 Notice will be electronically mailed to:

2 | Samira Ansari    sansari@samiralaw.com,

3 | Jingming (James) Cai    jcai@flglawyer.com

4 | Timothy E. Herr    candteh@mylawfirm.com

5 | Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.