**\*E-FILED ON 8/12/05\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BORIS KANTEMIROV,<br><br>    Plaintiff,<br><br>  v.<br><br>BARRY GOLDINE, d/b/a/ BIGWHEELS.NET, and DOES 1-25,<br><br>    Defendants.<br>_____/<br><br>BARRY GOLDINE,<br><br>    Plaintiff,<br>  v.<br><br>BORIS KANTEMIROV, SKIP LIGHTFOOT and DOES 1-50,<br><br>    Defendants.<br>_____/ | No. C05-01362 HRL<br><br>**ORDER DENYING DEFENDANT GOLDINE'S FED.R.CIV.P. 41 MOTION TO DISMISS**<br><br>**[Re: Docket No. 23]** |

Pursuant to Fed.R.Civ.P. 41(b), defendant Barry Goldine moves to dismiss plaintiff's claims against him. Plaintiff did not file an opposition to the motion. This court finds this matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). Having considered the papers presented, the court denies the motion.[1]

---

[1]   Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

## I. BACKGROUND

This action arises from the parties' dispute over, among other things, profits allegedly generated by sales of wheels, tires and related accessories on "www.bigwheels.net" and the rights to use the Bigwheels website. On March 2, 2005, plaintiff filed this lawsuit in state court asserting claims for (1) breach of implied contract, (2) breach of the implied covenant of good faith and fair dealing, (3) breach of implied contract for failure to perform, (4) fraud (intentional misrepresentation), (5) conversion, (6) unjust enrichment and (7) misappropriation of ideas.

On April 5, 2005, defendant Goldine removed the matter to this court. He filed several counterclaims against plaintiff, alleging, among other things, that plaintiff has infringed his copyright in an alleged proprietary database of wheel and tire fittings.

On June 29, 2005, this court (1) granted plaintiff's motion to dismiss defendant's counterclaims with leave to amend, but (2) denied plaintiff's motion for remand to the state court. The court concluded that removal was proper because plaintiff's state claims for conversion, unjust enrichment and misappropriation were preempted by the Copyright Act. Plaintiff did not dispute preemption, and requested leave to amend his complaint to convert his state law claims to a federal claim for copyright infringement. To the extent plaintiff indicated that he could properly assert a claim for relief, the court gave him leave to file an amended complaint and ordered him to do so by July 8, 2005.

Plaintiff did not file an amended complaint by the July 8, 2005 deadline; and on July 15, 2005, defendant filed the instant motion to dismiss plaintiff's claims against him for his failure to comply with this court's June 29, 2005 order. Shortly afterward, on July 18, 2005, plaintiff filed his amended complaint. Defendant nevertheless insists that dismissal is warranted, asserting that plaintiff's counsel willfully failed to file the amended complaint by July 8, 2005 as ordered.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41 provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED.R.CIV.P. 41(b). "Dismissal under Rule 41(b) is a sanction, to be imposed only in 'extreme circumstances.'" *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063

1  (9th Cir. 2004) (quoting *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996)).  In
2  determining whether such a dismissal is warranted, "the district court must consider five factors:  '(1)
3  the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)
4  the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their
5  merits; and (5) the availability of less drastic alternatives.'"  *Yourish v. California Amplifier*, 191
6  F.3d 983, 990 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th
7  Cir. 1998)).

### III.  DISCUSSION

9  Goldine argues that dismissal is required because plaintiff's counsel "intentionally disregarded
10  the Court's order," even after being reminded by defense counsel of the July 8, 2005 deadline.  (Mot.
11  at p. 3).  He further asserts that "[t]he risk of prejudice to Defendant[] is severe as Defendant is now
12  left in limbo as to how to amend his answer . . .."  (*Id.*)

13  A plaintiff may choose not to amend its complaint, even if given the opportunity to do so.  *See*
14  *Edwards*, 356 F.3d at 1063 (concluding that plaintiff's "considered decision to forego amending her
15  complaint was perfectly proper, and was not sanctionable.").  Here, however, plaintiff apparently
16  intends to proceed in this action through his amended complaint, and it is true that the amended
17  pleading was not timely filed in accordance with this court's June 29, 2005 order.  As noted above,
18  plaintiff has not filed any opposition to the instant motion, and he has not otherwise attempted to offer
19  any explanation for the delay.  The court does not condone the failure to comply with its orders or
20  applicable rules and warns plaintiff and his counsel against future noncompliance.

21  Nevertheless, this action is still in its early stages, and defendant has not convincingly
22  demonstrated a risk of prejudice – if any – caused by the 10-day delay in the filing of plaintiff's
23  amended complaint.  Accordingly, the court concludes that the instant motion does not present
24  "extreme circumstances" which warrant dismissal under Fed.R.Civ.P. 41(b).

### IV.  ORDER

26  Based on the foregoing, IT IS ORDERED THAT defendant Goldine's motion to dismiss

*United States District Court*
*For the Northern District of California*

3

1  pursuant to Fed.R.Civ.P. 41(b) is DENIED.  The August 23, 2005 hearing is VACATED.

2  Dated: August 12, 2005

3                                               /s/ Howard R. Lloyd

                                         HOWARD R. LLOYD

4                                           UNITED STATES MAGISTRATE JUDGE

1  5:05-cv-1362 Notice will be electronically mailed to:

2  Samira Ansari    sansari@samiralaw.com,

3  Jingming (James) Cai    jcai@flglawyer.com

4  Timothy E. Herr    candteh@mylawfirm.com

5  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.