**\*E-FILED ON 11/22/05\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BORIS KANTEMIROV, | No. C05-01362 HRL |
|     Plaintiff, | **ORDER OF REMAND** |
|   v. | **[Docket No. 35]** |
| BARRY GOLDINE, d/b/a/ BIGWHEELS.NET, and DOES 1-25, | |
|     Defendants. | |
| BARRY GOLDINE, | |
|     Counterclaimant, | |
|   v. | |
| BORIS KANTEMIROV, SKIP LIGHTFOOT and DOES 1-50, | |
|     Counterdefendants. | |

Pursuant to Fed.R.Civ.P. 12(b)(6), defendant and counterclaimant Barry Goldine ("defendant") moved to dismiss the fifth through eighth claims for relief asserted in plaintiff Boris Kantemirov's Amended Complaint. On October 4, 2005, this court issued an interim order (1) dismissing plaintiff's eighth claim for relief for copyright infringement for lack of jurisdiction; and (2)

setting the matter for further briefing from the parties as to whether this action must now be remanded.[1] Upon consideration of the parties' supplemental briefs, the court issues the following order.

This action arises from the parties' dispute over, among other things, profits allegedly generated by sales of wheels, tires and related accessories on "www.bigwheels.net" and the rights to use the Bigwheels website. On March 2, 2005, plaintiff filed this lawsuit in state court asserting seven state law claims, including claims for conversion, unjust enrichment and misappropriation of ideas.

On April 5, 2005, defendant Goldine removed the matter to this court. He later filed several state law counterclaims against plaintiff, as well as a claim for copyright infringement.

On June 29, 2005, this court (1) granted plaintiff's motion to dismiss defendant's counterclaims with leave to amend,[2] but (2) denied plaintiff's motion for remand to the state court. The court concluded that removal was proper because plaintiff's state claims for conversion, unjust enrichment and misappropriation were preempted by the Copyright Act. Plaintiff did not dispute preemption, and requested leave to amend his complaint to convert his state law claims to a federal claim for copyright infringement, indicating that he properly could plead such a claim.

Plaintiff subsequently filed an amended complaint asserting a claim for copyright infringement, as well as a number of state law claims for breach of implied contract, fraud (intentional misrepresentation), conversion, unjust enrichment and misappropriation of ideas. Nevertheless, based upon the allegations of plaintiff's amended complaint, it became apparent that this court has not yet acquired jurisdiction over plaintiff's copyright claim. As plaintiff now concedes, he has not satisfied the jurisdictional prerequisites to sue for alleged copyright infringement. *See* 17 U.S.C. § 411(a).[3] As

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

[2] Plaintiff sought to dismiss defendant's copyright counterclaim on the ground that defendant failed to satisfy the statutory prerequisites under 17 U.S.C. § 411(a). At the hearing on plaintiff's motion to dismiss, however, plaintiff acknowledged that her motion was essentially moot because the Copyright Office issued a certificate of registration to defendant on the eve of the motion hearing.

[3] At the October 4, 2005 hearing before this court, plaintiff's counsel explained that because several of plaintiff's state law claims were preempted by the Copyright Act, she believed that she properly could plead a claim for copyright infringement notwithstanding that statutory prerequisites had not been met. As noted at the hearing, preemption does not give plaintiff a "pass"

such, the claim was dismissed, without prejudice, for lack of subject matter jurisdiction. Plaintiff now argues that remand is required because the dismissal of his copyright claim deprives this court of jurisdiction over his state law claims.

Removal and remand procedures are governed by 28 U.S.C. § 1447. Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Defendant argues that because several of plaintiff's claims were preempted by federal copyright law at the time of removal, this court has discretion to exercise supplemental jurisdiction under 28 U.S.C. § 1367 to adjudicate the state law claims even if plaintiff's copyright claim has been dismissed. Here, the court previously determined that plaintiff's complaint properly was removed because several of plaintiff's state law claims are preempted by the Copyright Act. Nonetheless, because the court lacks jurisdiction over plaintiff's copyright claim, it appears that this court does not have discretion to exercise jurisdiction over plaintiff's sole remaining claims based on state law. *See Scott v. Pasadena Unified School District*, 306 F.3d 646, 664 (9th Cir. 2002) (where the district court dismisses a federal claim for lack of subject matter jurisdiction, it has no discretion to retain supplemental jurisdiction over state law claims).

Nor does the presence of defendant's copyright counterclaim – added post-removal – change the result here. Absent diversity jurisdiction, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Removal jurisdiction cannot be based on defendant's counterclaim presenting a federal question. *See Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 821-22 (9th Cir. 1985).

Even assuming that this court has discretion to exercise supplemental jurisdiction over plaintiff's state law claims, it declines to do so here. Plaintiff's complaint – minus the preempted state claims for conversion, unjust enrichment and misappropriation – contain only state law claims for relief,

---

to ignore jurisdictional requirements mandated by law.

3

and no federal question is presented. This court has entertained three motions to dismiss.[4] However, most of those motions concerned issues as to the parties' asserted copyright claims. No case management schedule has been entered, nor has a trial date been set. While it appears that one or more of the parties may be engaging in discovery, there is no indication that they will be required to duplicate those efforts in state court.

Based on the foregoing, IT IS ORDERED THAT this action, minus plaintiff's preempted state law claims, be remanded to state court pursuant to 28 U.S.C. § 1447(c).

Dated: November 22, 2005

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

---

[4] As noted above, two of those motions concerned the parties' respective federal copyright claims. The third motion concerned defendant's procedural request for dismissal as a sanction for an untimely filing, which sanction the court found to be unwarranted.

4

5:05-cv-1362 Notice will be electronically mailed to:

Samira Ansari     sansari@samiralaw.com,

Jingming (James) Cai     jcai@flglawyer.com

Timothy E. Herr     candteh@mylawfirm.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.